UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

**FILED**

JAN 2 9 2007


CLERK

| | |
|---|---|
| DOMINIQUE "NIKKI" D. HEIER, | Civ. 07-5007 |
| Plaintiff, | |
| vs. | |
| GREGORIAN, INC., and DOUGLAS PETERSON, | **COMPLAINT** |
| Defendants. | |

## PRELIMINARY STATEMENT

This is an action seeking relief as a result of intentional sexual harassment, sexual discrimination, retaliation by way of constructive discharge, intentional infliction of emotional distress and negligence per se. and breach of contract.

Defendants participated in, acquiesced in or ignored the sexual discrimination and sexual harassment against the Plaintiff and retaliated against her by failing to take action to protect the Plaintiff thereby forcing her to resign her position as an employee of the corporate defendant.

## JURISDICTION

1. Plaintiff, Dominique "Nikki" D. Heier is a female resident of Rapid City, Pennington County, South Dakota.
2. Defendant, Gregorian, Inc. is a South Dakota corporation it's with principal place of business in Lemmon, South Dakota.
3. Defendant Douglas Peterson is a male resident of Lemmon, Perkins County, South Dakota. At all times relevant hereto, he was the President and General Manager of the corporate defendant and Plaintiffs supervisor.

4. Plaintiff asserts claims herein which arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq., thus giving rise to federal question jurisdiction in this Court pursuant to 28 U.S.C. 1331.
5. Plaintiff also asserts claims herein arising under state law which state law claims are so related to Plaintiff's federal law claims as to form part of the same case or controversy under Article III of the United States Constitution, thus giving rise to supplemental jurisdiction in this Court pursuant to 28 U.S.C. 1367.
6. Plaintiff timely filed dual administrative charges with the South Dakota Division of Human Rights and the United States Equal Opportunity Commission (EEOC) on October 4, 2005, alleging that the Defendants sexually harassed and sexually discriminated against the Plaintiff and then retaliated against her when she reported the harassment to the corporate board members by failing to do anything to correct or remedy the hostile work environment thereby forcing the Plaintiff to resign her employment under circumstances constituting a constructive discharge.
7. The decision by the South Dakota Human Rights Division was issued on July 10, 2006 wherein it found probable cause to believe that the allegations of sexual harassment, discrimination and constructive discharge are well founded. The EEOC also found, after a substantial weight review, that there was probable cause to believe Plaintiff's allegations of sexual harassment, sexual discrimination and constructive discharge. Plaintiff received a consent to sue letter from EEOC on November 15, 2006. Plaintiff is hereby exercising her right to file suit in federal court pursuant to 42 U.S.C. 2000 et seq. (A copy of the "consent to sue" letter is attached hereto as Exhibit A).
8. EEOC has determined that the Defendant, Gregorian, Inc. is an employer within the meaning of Title VII and that the timeliness, deferral and other jurisdictional requirements have been met. The South Dakota Division of Human Rights has determined that the Plaintiff was a covered employee per SDCL 20-13-1(6) and that the Defendant, Gregorian, Inc., is a covered employer under SDCL 20-13-1(7) of the South Dakota Human Rights Act of 1972.
9. Venue for all causes of action alleged herein lies in the Western Division of the United States District Court of the State of South Dakota as almost all of the acts alleged as a basis for federal claims took place within the boundaries of that district and division.

## THE PARTIES

10. Plaintiff, Dominique "Nikki" Heier, is a white female, member of a class protected by Title VII of the 1964 Civil Rights Act as amended, a citizen of the United States, of legal age presently residing in Rapid City, Pennington County, South Dakota. She was an employee of Gregorian, Inc. per the terms of a written employment contract dated October 30, 2003 until she was forced to resign on May 13, 2005. She was under the direct supervision of Defendant, Douglas Peterson, who was the President and General Manager of Gregorian, Inc.

11. Defendant, Gregorian, Inc. is a South Dakota Business Corporation with its principal place of business in Lemmon, South Dakota. It is an "employer" within the jurisdictional coverage of Title VII of the Civil Rights Act and the South Dakota Human Rights Act.
12. Defendant, Douglas Peterson, at all times pertinent hereto was the President and General Manager of Gregorian, Inc. He was the corporate officer that hired Plaintiff on October 30, 2003. He is a resident of Lemmon, South Dakota and one of the major shareholders of Gregorian, Inc.

## BACKGROUND FACTS

13. Defendant, Gregorian, Inc., is in the business of wholesale sales of women's accessories and related items to retailers in the tourist and gift industry nationwide.
14. During her term of employment as KTA Sales Manager for Gregorian, Inc. from October 30, 2003 until May 15, 2005 Plaintiff received favorable job evaluations, and regular pay raises by way of incentives and bonuses until the date she was forced to resign. During her employment Plaintiff at all times satisfactorily performed her duties.
15. Immediately after Plaintiff began her employment with Defendant, Gregorian, Inc. the Defendant, Douglas Peterson, began a campaign of sexual harassment and intimidation of Plaintiff. Some of the specifics of his harassment and sexual discrimination are as follows:
    a. In November of 2003, Mr. Peterson commented to another individual on how good looking I was, that I was the one that really attracted men and that I would do well at this trade show because of my looks;
    b. Prior to my employment with Gregorian, Inc. it was common knowledge in the Lemmon community that Doug Peterson was involved in an extra-marital sexual relationship with a female employee of Gregorian, Inc. under his supervision. After I began working at Gregorian, Inc. the truth of the community rumors became obvious to me. I soon came to realize that this female employee was treated differently then all other female employees of the corporation. She received better job hours and duties, better compensation, preferred status in the corporation; better wages and she even received corporate shares of stock as part of her bonus package. To my knowledge, no other female corporate employee has been rewarded with an ownership interest in the corporation;
    c. On another occasion Mr. Peterson commented to another individual that he could just snap his fingers and sleep with me at any time; that on one occasion when we went to Bison, I gave him every opportunity to sleep with me; that I was all over him; that I was easy; and that he wanted to see my boobs.
    In mid December, 2003, Mr. Peterson started being verbally abusive toward me and on several occasions threatened that he would close down KTA Designs and I would lose my job;

d. At my first trade show in Tennessee, while sitting at the Company's trade show booth, Mr. Petersen asked me if I would spread my legs to get customers. I refused to do so;

e. During the summer of 2004 I spent most of the time at Respondent's plant in Lemmon. While there on several occasions Mr. Petersen would call me "a dumb bitch", "dumb cunt" or "dumb fucker";

f. In August 2004 Mr. Peterson complained that his sales managers, all women, were "fucking worthless" and were "dumb fuckers" and used other degrading terms to refer to us;

g. A few days after this occurred I complained to Board of Directors member Joel Deutscher about Mr. Peterson's behavior;

h. Mr. Peterson continued to make degrading comments to me because of my gender and continued to tell me to use my sexuality to make sales;

i. On more then one occasions he would put his arm around me and slap my behind;

j. During a phone conversation in March 2005, Mr. Peterson made up a story about my sexual behavior with another individual. This was done in the presence of a new employee and was very humiliating to me;

k. I reported this behavior to corporate directors Jim Feist and Loren Miller;

l. During the months of February, March, and April 2005, Mr. Peterson's abusive behavior towards me was almost continuous and he threatened me with the loss of my job at least twice a week;

m. On May 2, 2005 I was supposed to meet with Loren Miller and he cancelled the meeting;

n. The Board was supposed to hold an emergency meeting to address my complaints and they did not;

o. When it became obvious that no action would be taken to stop Mr. Peterson's behavior I submitted my letter of resignation on May 13, 2005;

p. The foregoing sexual conduct was unwelcome, sufficiently severe as to demean and humiliate Plaintiff in the front of co-workers and others and it unreasonably interfered with Plaintiffs work performance;

q. Gregorian, Inc. has a written policy prohibiting and defining sexual harassment in its employee handbook. All parties to the instant lawsuit were personally aware of the sexual harassment discrimination provisions of Gregorian, Inc.'s employee handbook;

r. As a result of Douglas Petersons conduct, Plaintiff suffered sever emotional distress that manifested itself in the form of stomachaches, depression, crying spells, trembling, anger and migraine headaches;

s. The Defendants, Gregorian, Inc. Corporate Board of Directors knew of or should have known of the sexual discrimination, sexual harassment, and the hostile work environment to which Plaintiff was subjected by Douglas Peterson and they, individually and collectively failed to prevent its continuation, failed to enforce the corporation policy against sexual discrimination, failed to take immediate and appropriate action, failed to even inquire into the facts surrounding the hostile environment existing in

      their workplace. That by their total failure they effectively ratified, sanctioned and condoned the discriminatory conduct;

t. The unlawful acts or omissions of all the Defendants created a hostile work environment that was extremely detrimental to Plaintiff's emotional and physical health, it interfered with the Plaintiff's work performance, it has caused her acute past and present emotional and physical distress necessitating mental health treatment and consequent medical expenses. Plaintiff has also, as a result of the acts or omissions of the Defendants, lost income, suffered from stress, humiliation, embarrassment, and emotional pain, suffering, anguish and distress;

u. The Defendant, Doug Peterson, engaged in extreme and outrageous conduct which intentionally and/or recklessly caused severe emotional distress to Plaintiff. He knew, or had reason to know, that his conduct would lead a reasonable person to realize that his actions would create the harm to Plaintiff that in fact did occur;

v. The Defendant, Doug Peterson's actions were oppressive, malicious willful and/or wanton and he acted in a reckless or callous indifference to Plaintiff's legally protected rights, thus entitling Plaintiff to an award of punitive or exemplary damages;

w. After Plaintiff was forced, by the inaction of the corporation through its Board of Directors, to resign her employment, the Defendant corporation refused to pay a portion of the sales commission due Plaintiff per her employment contract as KTA Sales Manager.

## Count 1

### FIRST CAUSE OF ACTION AGAINST GREGORIAN, INC. SEXUAL HARASSMENT UNDER TITLE VII – 42 U.S.C. 2000 et seq.

a. Plaintiff restates each paragraph above and incorporates the same herein by reference.
b. Plaintiff is a member of a protected group under Title VII.
c. Plaintiff was the subject of unwelcome harassment.
d. There was a causal nexus between the harassment directed at Plaintiff and Plaintiff's membership in the protected group.
e. The harassment was sufficiently severe and pervasive that it affected a term, condition, or privilege of Plaintiff's employment, ultimately resulting in Plaintiffs constructive discharge.
f. Plaintiff's harassment was perpetrated on her by her supervisor, Douglas Peterson, was also the President, General Manager and a major shareholder in Gregorian, Inc. the corporate Defendant.
g. Although Plaintiff complained to the corporate directors, no remedial action was ever taken by Gregorian, Inc.
h. Gregorian, Inc. acted with malice or reckless indifference to plaintiffs federally protected rights.

## COUNT 2

### SECOND CAUSE OF ACTION AGAINST GREGORIAN, INC. – RETALIATION – CONSTRUCTIVE DISCHARGE – TITLE VII

a. Plaintiff restates each paragraph above and incorporates the same herein by reference.
b. Plaintiff engaged in protected activity by attempting to protect the rights of herself and other women employees of Gregorian, Inc. from sexual discrimination in employment.
c. Defendant, Gregorian, Inc. retaliated against Plaintiff for her activity – attempted complaints – by refusing and failing to do anything to protect her and enforce its policy against sexual harassment, thus forcing Plaintiff to terminate her employment to protect her mental and physical health and well-being.
d. Plaintiffs constructive discharge was causally related to the protected activity in which she was engaged.
e. In retaliating against Plaintiff by forcing her to resign her employment in order to protect herself. Gregorian, Inc acted with malice or with reckless indifference to Plaintiff's federally protected rights.

## COUNT 3

### THIRD CAUSE OF ACTION AGAINST GREGORIAN, INC. – SEXUAL HARASSMENT UNDER SDCL 20-13.

a. Plaintiff restates each paragraph above and incorporates the same herein by reference.
b. Plaintiff is a member of a protected group under SDCL 20-13.
c. Plaintiff was the subject of unwelcome sexual harassment.
d. There was a causal nexus between the sexual harassment directed at Plaintiff and Plaintiffs membership in the protected group.
e. The sexual harassment was sufficiently severe and pervasive that it affected a term, condition, or privilege of Plaintiff's employment, ultimately resulting in Plaintiffs constructive discharge.
f. Plaintiff's sexual harassment was perpetrated on her by her supervisor, Douglas Peterson, who is the President, General Manager and a major shareholder of Gregorian, Inc.
g. Although Plaintiff complained to the corporate directors, no remedial action was ever taken by Gregorian, Inc.
h. Defendant, Gregorian, Inc. acted with actual or implied malice.

## COUNT 4

### FOURTH CAUSE OF ACTION AGAINST GREGORIAN, INC. – RETALIATION BY CONSTRUCTIVE DISCHARGE UNDER SDCL 20-13

a. Plaintiff restates each paragraph above and incorporates the same herein by reference.
b. Plaintiff engaged in protected activity by attempting to protect the rights of herself and other women employees of Gregorian, Inc. from sexual discrimination in employment.
c. Defendant, Gregorian, Inc. retaliated against Plaintiff for her activity – attempted complaints – by refusing and failing to do anything to protect her and enforce its policy against sexual harassment thereby forcing Plaintiff to terminate her employment to protect her own mental and physical health and well-being.
d. Plaintiff's constructive discharge was causally related to the protected activity in which she was engaged.
e. In retaliating against Plaintiff by forcing her to resign her employment in order to protect herself, Gregorian, Inc. acted with malice or with reckless indifference to Plaintiff's state – protected rights.

## COUNT 5

### FIFTH CAUSE OF ACTION AGAINST GREGORIAN, INC. - NEGLIGENCE PER SE.

a. Plaintiff restates each paragraph above and incorporates the same herein by reference.
b. The corporate Defendant, Gregorian, Inc., through the acts and omissions of its Board of Directors allowed a hostile work environment to exist at Gregorian, Inc.
c. The corporate Defendant, through its Board of Directors, knew or should have known that the conduct of the corporate President, Douglas Peterson, was so palpably contrary to the dictates of common prudence, sexually discriminatory, and contrary to the corporate written policy that no reasonable and prudent corporate entity would have permitted such a hostile work environment to exist and continue without remedial actions to stop Douglas Petersons conduct. That the Plaintiff has been harmed as aforesaid by the failure of the corporation to protect her and as a result the corporate Defendant, Gregorian, Inc.'s acts and omissions constitute negligence per se.

## COUNT 6

### SIXTH CAUSE OF ACTION AGAINST CORPORATE DEFENDANT, GREGORIAN, INC. – BREACH OF CONTRACT.

a. Plaintiff restates each paragraph above and incorporates the same herein by reference.

b. Defendant owes Plaintiff the sum of $1,312.82 for unpaid sales commissions due under Plaintiffs employment contract with Defendant.

## COUNT 7

### FIRST CAUSE OF ACTION AGAINST GREGORIAN, INC AND DOUGLAS PETERSON – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

a. Plaintiff restates each paragraph above and incorporates the same herein by reference.
b. Douglas Peterson intentionally and/or recklessly engaged in what was a course of conduct which was extreme and outrageous causing Plaintiff emotional distress of a very serious kind.
c. There was a causal connection between Defendant Petersons conduct and Plaintiffs severe emotional distress
d. Defendant Douglas Peterson acted with actual or implied malice.
e. At all times relevant hereto, Defendant Douglas Peterson, was acting within the course and scope of his employment with Defendant, Gregorian, Inc.

## PRAYER FOR RELIEF

Plaintiff, Dominique "Nikki" Heier, prays for the following:
1. Judgment in the amount of $1,372.82 for unpaid commission income per count 6;
2. Judgment against Gregorian, Inc. for back pay, front pay, the value of lost employment benefits, future pecuniary loss and the cost of medical expenses;
3. Judgment against Defendants Gregorian, Inc. and/or Douglas Peterson for emotional distress;
4. Judgment against Defendants Gregorian, Inc. and/or Douglas Peterson for punitive damages;
5. For allowable costs, prejudgment interest, and attorney fees in accord with 42 U.S.C. 2000 e-5(k), 29 U.S.C. 216, 42 U.S.C. 1988 and all other applicable federal and South Dakota statutes; and
6. That the Court grant such other and further relief as it deems just and equitable under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated this 24 day of January, 2007.

_____
George J. Nelson
Attorney for Plaintiff
2693 D Commerce Rd.
Rapid City, SD 57702

605-719-9470

_____
Roland E. Grosshans
Attorney for Plaintiff
P.O. Box 9567
2040 West Main St., Ste. 305
Rapid City, SD 57702
605-348-7663

## **VERIFICATION**

The undersigned hereby verifies that she has read the forgoing Complaint and knows the content thereof, and that all of the factual statements contained in said Complaint are true and correct to the best of her knowledge, information and belief.

_____
Dominique "Nikki" Heier

STATE OF SOUTH DAKOTA   )
                        )SS.
COUNTY OF PENNINGTON    )

Subscribed and sworn to before me this 23 day of January, 2007.

_____
Notary Public – South Dakota

My commission expires: 6/12/2010
SEAL