FILED

MAR 2 0 2008

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

DOMINIQUE "NIKKI" D. HEIER,       )       CIV. 07-5007-RHB
                                  )
          Plaintiff,              )
                                  )
     vs.                          )          ORDER
                                  )
GREGORIAN, INC., and              )
DOUGLAS PETERSEN,                 )
                                  )
          Defendants.             )

## BACKGROUND

On January 29, 2007, plaintiff filed a complaint against her former employer, Gregorian, Inc. (Gregorian), and her former supervisor, Douglas Peterson (Peterson), alleging employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.*, along with a number of related state-law claims. Docket #1. Defendants filed their answer on February 20, 2007. Docket #8.

On July 18, 2007, defendants filed a motion for summary judgment, contending that Gregorian did not have the requisite number of employees to render it an "employer" within the meaning of Title VII. Docket #24. See also 42 U.S.C. § 2000e(b). However, in their answer to plaintiff's complaint, defendants admitted that Gregorian *was* an "employer" within the meaning of Title VII. Accordingly, the Court denied defendants' motion for summary judgment. Docket #74.

On December 13, 2007, defendants filed a motion to amend their answer, which the Court granted in an order issued on January 14, 2008. Docket #75, #82. Defendants filed an amended answer that same day. Docket #84.

On January 16, 2008, defendants filed a motion for leave to renew and supplement the motion for summary judgment that was previously denied due to nonconformance with defendants' answer. Docket #85. The Court granted defendants' motion. Docket #88.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to a judgment as a matter of law." In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1355, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586-87, 106 S. Ct. at 1356.

2

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Supreme Court has instructed that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986) (citations omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita, 475 U.S. at 586-87, 106 S. Ct. at 1356 (internal quotations and citation omitted).

The teaching of Matsushita was further articulated by the Supreme Court in Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 468, 112 S. Ct. 2072, 2083, 119 L. Ed. 2d 265 (1992), where the Court said, "Matsushita demands only that the nonmoving party's inferences be reasonable in order to reach the jury, a requirement that was not invented, but merely articulated, in that decision." The Court expounded on this notion by reiterating its conclusion in Anderson that, "[s]ummary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Eastman Kodak, 504 U.S. at 468 n.14, 112 S. Ct. at 2083 n.14 (quoting Anderson, 477

3

U.S. at 248, 106 S. Ct. at 2510).  To survive summary judgment the evidence must reasonably tend to prove the plaintiff's theory.  Monsanto Co. v. Spray-Rite Servs. Corp., 465 U.S. 752, 768, 104 S. Ct. 1464, 1473, 29 L. Ed. 2d 775 (1984).

## DISCUSSION

Plaintiff's basis for federal jurisdiction in this case is premised exclusively on Title VII of the Civil Rights Act of 1964.  Title VII makes it unlawful for an employer to discriminate on the basis of sex, among other things.  See Arbaugh v. Y&H Corp., 546 U.S. 500, 503 (2006) (citing 42 U.S.C. § 2000e-2(a)(1)).  "To spare very small businesses from Title VII liability, Congress provided that the term 'employer' means a person engaged an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."  Id. at 504 (citing 42 U.S.C. § 2000e(b)) (internal quotations omitted).  This is known as the employee-numerosity requirement.  An employer who does not satisfy the employee-numerosity requirement is not amenable to suit under Title VII.

In Walters v. Metropolitan Educational Enterprises, Inc., 519 U.S. 202 (1997), the Supreme Court adopted the "payroll test" as the standard by which to determine the number of employees in a Title VII case.  Under the payroll test, "all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when.  He is counted as an employee for each working day after arrival and before departure."  Id. at 211.  Utilizing the payroll test,

4

defendants claim that Gregorian failed to satisfy the employee-numerosity requirement, therefore justifying summary judgment in their favor.

Plaintiff responds to defendants' motion for summary judgment by directing the Court's attention to administrative agency determinations finding that Gregorian was in fact an "employer" within the meaning of Title VII.  Plaintiff contends that *res judicata* applies to this issue.  The Court does not agree.  Res judicata does not apply to unreviewed determinations made by state or federal administrative agencies in a Title VII case.  <u>See</u> <u>University of Tennessee v. Elliott</u>, 478 U.S. 788, 792-93 (1986) ("Since it is settled that decisions by the EEOC do not preclude a trial *de novo* in federal court, it is clear that unreviewed administrative determinations by state agencies also should not preclude such review[.]").

Plaintiff also contends that defendants have effectively waived the right to challenge the employee-numerosity issue because of the admission contained in the original answer.  Plaintiff provides no legal authority for this position.  In fact, defendants eventually filed an amended answer, thereby removing the admission.  Plaintiff argues that the original answer "is like the bell that has been rung.  It cannot be un-rung."  The Court does not agree.  To whatever extent defendants waived the ability to challenge the employee-numerosity issue, that waiver was withdrawn through the amended answer.

Turning to the employee-numerosity requirement, plaintiff does not contest the fact that Gregorian had less than fifteen employees during all times relevant to this suit.

Instead, plaintiff suggests that, aside from plaintiff herself, three other Gregorian employees were forced to terminate their employment because of defendant Peterson's wrongful conduct.  If the three other employees are counted, the argument goes, Gregorian would then have over fifteen employees and would be amenable to suit under Title VII. Plaintiff concludes that, under these circumstances, defendants should be estopped from denying that it had over fifteen employees.

Plaintiff's argument is without merit.  First, it is based upon a conclusion that has not been established, namely that defendants were guilty of wrongful conduct.  This case is about whether or not defendants violated Title VII by discriminating on the basis of sex. But plaintiff's argument against summary judgment is based on the notion that defendants were indeed guilty of such conduct, not just with respect to plaintiff, but also with respect to three other former Gregorian employees.  In essence, plaintiff asks the Court to pre-determine the outcome of the case and rule that the other employees terminated their employment because of defendants' wrongful conduct.  The Court rejects this argument.

Second, plaintiff's argument does not allege that there are contested facts in this case.  Plaintiff does not challenge defendants' contention that there were less than fifteen Gregorian employees.  On the contrary, plaintiff's argument can be seen as an admission that the employee-numerosity requirement is not met.  Plaintiff's response is hypothetical: *if* defendants had not engaged in wrongful conduct, *then* there would be over fifteen employees.  But a hypothetical example is not a contested fact, and it remains undisputed

that defendants did not have over fifteen employees at the relevant times.

It is true that, when ruling on a motion for summary judgment, the Court will view the evidence in the light most favorable to the nonmoving party. Patel v. United States Bureau of Prisons, 515 F.3d 807, 812 (8th Cir. 2008). But "[t]he nonmoving party must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." Id. Plaintiff has failed to meet this requirement. Plaintiff has advanced no facts with respect to employee numerosity that would create a genuine issue of material fact for trial. Plaintiff actually admits that defendants do not meet the fifteen-employee requirement, and the Court finds plaintiff's estoppel argument to be without merit. Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment (Docket #90) is granted. Counts I and II of plaintiff's complaint are dismissed. The Court's previous order denying summary judgment (Docket #74) is vacated.

IT IS FURTHER ORDERED that the Court will decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remainder of plaintiff's complaint, which is therefore dismissed in its entirety.

Dated this 20 day of March, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

7